NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0702n.06
Filed: October 1, 2007

Nos. 04-3283, 05-3883

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

JOSE A. VILLANUEVA (04-3283), RAMIRO
VALLEJO (05-3883),

    Defendants-Appellants.

On Appeal from the United
States District Court for the
Northern District of Ohio at
Toledo

_____/

**Before:**      **MARTIN, GUY, and CLAY, Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge.**     Defendants Jose Villanueva and Ramiro

Vallejo were charged together, along with Antonio Robertson, with one count of conspiracy

to distribute and to possess with intent to distribute five or more kilograms of cocaine and

1,000 or more kilograms of marijuana in violation of 21 U.S.C. §§ 841(a) and 846. Vallejo

pleaded guilty pursuant to a written plea agreement and was sentenced to an 80-month term

of imprisonment. Villanueva was convicted by a jury and sentenced to a term of 121 months'

imprisonment.

    Villanueva challenges his conviction on the grounds that he was denied effective

assistance of trial counsel and that the district court erred in allowing the government to

inquire into the specifics of his prior conviction on cross-examination. Villanueva also seeks resentencing under *United States v. Booker*, 543 U.S. 220 (2005). We decline to address Villanueva's claims of ineffective assistance of counsel in this appeal, find no abuse of discretion in the admission of testimony concerning his prior conviction, and conclude, as the government concedes, that resentencing is required by *Booker*. For the reasons discussed below, we affirm Villanueva's conviction, vacate his sentence, and remand for resentencing consistent with *Booker*.

Vallejo, who entered into the plea agreement pre-*Booker* but was sentenced post-*Booker*, seeks resentencing on the grounds that the district court treated the guidelines as mandatory, did not properly consider the statutory sentencing factors identified in 18 U.S.C. § 3553(a), and failed to evaluate the applicability of the "safety valve" provisions of 18 U.S.C. § 3553(f).[1] While maintaining that no sentencing error occurred, the government argues for dismissal of the appeal on the grounds that Vallejo waived his appeal rights in the written plea agreement. Finding that Vallejo's claims on appeal are barred by the valid waiver provision, the government's motion is granted and Vallejo's appeal is dismissed.

### I. Vallejo

**A.    Facts**

The indictment was filed in January 2003, but Vallejo was not apprehended until February 2004. In December 2004, Vallejo entered into a written plea agreement stipulating,

---

[1]Section 3553(f) authorizes a district court to sentence a qualifying defendant "pursuant to guidelines . . . without regard to any statutory minimum sentence." However, the statutory minimum sentence for Vallejo was 60 months, well below the applicable guideline range.

among other things, that he would be held accountable for conspiracy to distribute between 3.5 and 5 kilograms of cocaine; that while he would not seek a downward departure under USSG § 5K2.0, the government would not oppose a three-level reduction for acceptance of responsibility; and that his prior convictions for aggravated trafficking, conspiracy to commit murder, and possession with intent to distribute cocaine constitute relevant conduct and would not qualify as career offender predicates or toward his criminal history category. Most significant for our purposes is the following waiver of appeal rights:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly waives those rights except as reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it constitutes an upward departure from the Sentencing Guideline range deemed most applicable by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

The plea agreement stated that it represented the entire agreement and that any future changes had to be in writing and signed by all parties or their successors. When defendant proffered his guilty plea, the magistrate judge advised defendant of, and determined that he understood, the rights he was waiving by pleading guilty, including, specifically, the right to appeal except in very limited circumstances. FED. R. CRIM. P. 11(b)(1)(N). The prosecutor also reiterated the waiver of appeal rights in summarizing the terms of the plea agreement. The district court accepted Vallejo's plea in February 2005.

At sentencing in June 2005, the district judge found, consistent with the stipulations in the plea agreement and after a three-level reduction for acceptance of responsibility, that Vallejo had a total offense level of 27 and was a criminal history category I. As a result, the district court determined that the applicable sentencing guideline range was 70 to 87 months. Without suggesting that defendant might be eligible for sentencing under the "safety valve" provisions of § 3553(f), defense counsel argued for a below-guideline sentence by arguing that Vallejo was less culpable than another member of the conspiracy who received a sentence of 70 months.

The district judge rejected the request, concluding that a sentence within the guideline range would appropriately reflect "the seriousness of the offense, the need to promote respect for the law, the need to provide a just punishment, and . . . very importantly, the need to afford adequate deterrence[.]" Sentencing Vallejo to a term of 80 months' imprisonment, the district judge concluded with the following advice: "You may have a right to appeal either your conviction or your sentence. Discuss that with [your counsel]." Vallejo appealed, and the government filed a motion to dismiss the appeal.

**B.      Waiver of Appeal**

We review the question of whether a defendant waived his right to appeal in a valid plea agreement *de novo*. *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). A criminal defendant may waive the right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily. *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001); *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). The record

demonstrates that Vallejo's waiver of his right to appeal in all but limited circumstances was knowing and voluntary. The magistrate judge determined as much at the plea hearing, and Vallejo makes no attempt to suggest otherwise on appeal. *United States v. Robinson*, 455 F.3d 602, 610 (6th Cir. 2006), *cert. denied*, 127 S. Ct. 1338 (2007); *United States v. Wilson*, 438 F.3d 672, 674 (6th Cir. 2006).

Rather, seeking to avoid the waiver on other grounds, defendant argues that the district judge's advice concerning a right to appeal effectively modified the terms of the written plea agreement. Defendant claims that he should be entitled to rely on the district judge's statement at sentencing, and asserts that the district judge had authority to modify the plea agreement because it was a "non-binding" agreement subject to acceptance by the district court. These same arguments have been expressly rejected where the defendant's waiver of appeal rights was knowing and voluntary. *Fleming*, 239 F.3d at 764-65; *see also United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004).

As in *Fleming*, the district court accepted Vallejo's plea, gave no indication that it would not be bound by the waiver of appeal rights, but then closed with the post-sentencing advice regarding any right to appeal required by Fed. R. Crim. P. 32(c)(5). Even if the district judge had given this advice intending to restore the defendant's appeal rights, the district court would have lacked the power to unilaterally make such a modification or amendment to the plea agreement. *Fleming*, 239 F.3d at 764-65; *Swanberg*, 370 F.3d at 626 ("We . . . conclude that [defendant] knowingly waived the right to appeal whatever sentence he received, despite the district court's incorrect statement to the contrary at [his] sentencing hearing.").

Taking another tack, defendant argues that his waiver of appeal rights is "effectively nugatory" because he was sentenced in violation of *Booker*. Defendant, who entered his plea pre-*Booker* and was sentenced post-*Booker*, argues for the first time on appeal that his sentence was "illegal" because the district court treated the guidelines as mandatory, did not properly consider the relevant statutory sentencing factors identified in 18 U.S.C. § 3553(a), and failed to evaluate the applicability of the "safety valve" provisions of 18 U.S.C. § 3553(f). However, Vallejo cannot rely on the subsequent decision in *Booker* as grounds to invalidate the voluntary and knowing waiver of his appeal rights. *United States v. Bradley*, 400 F.3d 459, 463-66 (6th Cir. 2005) ("[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature.").[2]

The only remaining question, then, is whether the claims asserted are encompassed by the waiver or are among those to which the right to appeal was expressly reserved. Although defendant initially indicated an intention to assert claims of ineffective assistance of counsel or prosecutorial misconduct, which would not be barred by the waiver provision, defendant concedes that the record is insufficiently developed to address such claims and explicitly reserves such claims for a petition for relief under 28 U.S.C. § 2255. The waiver also excepted the right to appeal "any punishment in excess of the statutory maximum" and "any punishment to the extent it constitutes an upward departure from the Sentencing Guideline

---

[2]Nor is the waiver provision in this case similar to the waiver deemed "nugatory" in *United States v. Dellheim*, 187 Fed. App'x 573, 576-77 (6th Cir. 2006) (unpublished). There, we found the waiver was ineffective because the defendant had waived the right to appeal "any lawful sentence," which required that the court determine whether the sentence complied with law.

range deemed most applicable by the [district court]." Vallejo does not and cannot argue that this exception applies because he received a within-guideline sentence of 80 months that is well within the statutory maximum of not more than 40 years. *See United States v. Luebbert*, 411 F.3d 602, 603-04 (6th Cir. 2005), *cert. denied*, 546 U.S. 1154 (2006) (holding that waiver of appeal except as to punishment "in excess of the statutory maximum" or constituting "an upward departure from the guideline range" deemed most applicable by the sentencing court effectively waived the right to appeal *Booker*-type violations). Concluding that the claims asserted by Vallejo are encompassed by the waiver, his appeal is dismissed.

## II. Villanueva

### A.    Facts

The indictment charged Villanueva, Vallejo, and Robertson with conspiring together and with others to distribute and possess with intent to distribute five or more kilograms of cocaine and 1,000 kilograms or more of marijuana. The conspiracy was alleged to have extended from 1980 until the indictment in 2003, and Villanueva was alleged to have supplied drugs to the others. The government gave notice of its intention to seek enhanced penalties against Villanueva as a result of his prior felony drug conviction; specifically, his conviction in 1990 for attempted possession with intent to distribute 1,000 pounds of marijuana. 21 U.S.C. § 851(a)(1). It is the questioning concerning this prior conviction that is the basis for Villanueva's claim of error in the admission of evidence at trial.

During the joint trial of Villnueva and Robertson, the government's evidence included testimony from a number of cooperating coconspirators and Villanueva took the stand in his

own defense. The jury found both defendants guilty and returned special verdicts, including a finding that although Villanueva had possessed 100 kilograms but less than 1,000 kilograms of marijuana, he was not responsible for the distribution of any cocaine. With the jury finding as to quantity and the prior felony drug conviction, Villanueva faced a statutory penalty of not less than 10 years and not more than life imprisonment. 21 U.S.C. § 841(b)(1)(B).

At sentencing, the district court found, based on the trial testimony, that Villanueva was responsible for more than 700 but less than 1,000 kilograms of marijuana for a base offense level of 30. With no adjustments to the offense level and a criminal history category III, the guideline range was 121 to 151 months. Villanueva was sentenced pre-*Booker* to a 121-month term of imprisonment. This appeal followed.

## B.    Impeachment

Villanueva contends that the district court committed reversible error by allowing the prosecutor to question him about the details of his prior felony convictions. The district court's admission of evidence regarding a prior conviction for impeachment is reviewed for abuse of discretion. *United States v. Bender*, 265 F.3d 464, 470-71 (6th Cir. 2001); *United States v. Gaitan-Acevedo*, 148 F.3d 577, 591-92 (6th Cir. 1998).

The use of prior convictions for impeachment purposes is governed by Fed. R. Evid. 609(a)(1), which requires that the probative value of admitting the evidence outweighs the prejudicial effect to the accused. Villanueva does not argue that the prior convictions were not admissible under Rule 609. *United States v. Meyers*, 952 F.2d 914, 916-17 (6th Cir. 1992); *Gaitan-Acevedo*, 148 F.3d at 592. Instead, Villanueva maintains that it was error to

allow the government, over defense counsel's objection, to inquire into the *details of* his prior conviction.

It is true that impeachment under Rule 609 is generally limited to the fact of conviction and should not include the details and circumstances surrounding the conviction. *United States v. Turner*, 995 F.2d 1357, 1363-64 (6th Cir. 1993). It is a different matter, however, when a defendant's testimony "opens the door" to the impeachment evidence. *Bender*, 265 F.3d 470-71. For example, the defendant in *Bender* opened the door to evidence concerning the nature of her prior drug conspiracy conviction by testifying twice that she had never sold drugs and did not begin using drugs until a later date. Similarly, Villanueva admitted that he had been convicted on two unspecified charges in 1990, and explained that he did not like cocaine because:

> A. (Crying.) When the feds tricked me, they offered me marijuana when my father was laid out. There was a snitch. I don't know if that's what you call them, or one of those fuckers, and he offered me 200 kilos of cocaine. And I told him to get the hell out of my room. I don't like anybody to talk to me about cocaine or any of that shit. I wouldn't do that shit to anybody else's children—to my own children. I wouldn't do that to anybody else's children.

Then, when asked if he ever dealt drugs "in any form" with codefendant Robertson, Villanueva answered: "I have never dealt drugs with Mr. Robertson *or with any other person*." (Emphasis added.) Defendant confirmed on cross-examination that he denied dealing drugs with Robertson or any other person, and then the prosecutor impeached him with the fact that he had been convicted of attempting to purchase 1,000 pounds of marijuana.

Although defense counsel objected, the district court allowed the prosecutor to inquire into the nature and circumstances of his prior convictions.

A defendant opens the door to precisely this sort of questioning by offering testimony that is inconsistent with the facts underlying a conviction or that attempts to explain away a conviction. *United States v. Douglas*, 408 F.3d 922, 929 (7th Cir. 2005). It was not an abuse of discretion to conclude that Villanueva opened the door to cross-examination concerning the nature and circumstances of his prior conviction. *Id*.; *see also Bender*, 265 F.3d at 471 ("'[W]hen a party opens up a subject . . .[the party] cannot complain on appeal if the opposing party introduces evidence on the same subject.' *United States v. Ramos*, 861 F.2d 461, 468-69 (6th Cir. 1998).").

## C.    Ineffective Assistance of Counsel

"As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990); *see also United States v. Brown*, 332 F.3d 363, 368 (6th Cir. 2003). Except in rare cases where the error is apparent from the existing record, such claims are more properly raised in post-conviction proceedings under 28 U.S.C. § 2255. *United States v. Bradley*, 400 F.3d 459, 462 (6th Cir.), *cert. denied*, 546 U.S. 862 (2005); *Massaro v. United States*, 538 U.S. 500, 505 (2003). Villanueva asserts that trial counsel was ineffective in at least two respects.

Villanueva represents that the plea agreement relating to his 1990 convictions included an agreement not to prosecute him for conduct that preceded the plea. Defendant argues on appeal that *if* that were the case, counsel's failure to further investigate may have exposed Villanueva to double jeopardy and a much higher sentence. The only evidence presented in this regard, however, are the docket entries showing that trial counsel moved to unseal the prior plea agreement and indicating that no plea agreement was under seal in the prior case. The record does not reveal whether there was a written plea agreement, whether counsel reviewed any aspect of the prior case, or what effect the prior plea might potentially have had in this case.

The second claim relates to the impeachment evidence addressed above. Specifically, Villanueva focuses on defense counsel's failure to renew his objection during cross-examination and the decision to attempt rehabilitation on redirect that allowed the prosecutor to reiterate that the prior conviction was for attempted possession of marijuana. The government defends trial counsel's performance, suggesting that there was no basis to lodge further objection, speculating that it could have been a strategic decision not to renew an unsuccessful objection, and arguing that the decision to give defendant a chance to explain was not ineffective assistance of counsel. Conspicuously absent from the record, however, is any evidence from defense counsel, any development of the objections that defendant argues should have been made, or any analysis concerning the prejudice prong of the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

This is not one of the rare cases in which the claims may be resolved on the record before us. There has been no opportunity to develop the facts necessary to resolve these claims or include evidence bearing on the merits. Consistent with the general rule, we decline to address Villanueva's claims of ineffective assistance of counsel in this direct appeal.

**D.    *Booker***

As noted at the outset, the government concedes plain error under *United States v. Booker*, 543 U.S. 220 (2005), because Villanueva was sentenced under the mandatory guideline scheme. This court has held that even in the absence of a Sixth Amendment violation, a defendant sentenced under the mandatory guideline scheme is entitled to resentencing under *Booker* unless there is evidence in the record to rebut a presumption of prejudice. *United States v. Barnett*, 398 F.3d 516, 525-30 (6th Cir. 2005). This presumption may be overcome if "the trial record contains clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines regime." *Id.* at 529. Villanueva was sentenced at the bottom of the guideline range and above the statutory mandatory minimum, and the district judge gave no indication that it would not have imposed a lower sentence under an advisory guideline scheme. We presume prejudice and find defendant is entitled to resentencing.

### III.

We **AFFIRM** Villanueva's conviction without reaching his claims for ineffective assistance of counsel, but **VACATE** his sentence and **REMAND** for resentencing consistent

with *Booker*.  Because Vallejo's appeal is precluded by the appeal waiver, the government's

motion is **GRANTED** and Vallejo's appeal is **DISMISSED**.