MEMORANDUM **
The plain language of the appeal waiver in Robles’s plea agreement forecloses his argument that the district court erred in calculating his criminal history category, and thus erred in determining that Robles was ineligible for the “safety valve” under 18 U.S.C. § 3553(f). Therefore, we dismiss this appeal.
“Plea agreements are contractual by nature and are measured by contract law standards.” United States v. Franco-Lopez, 312 F.3d 984, 989 (9th Cir.2002). The plain language of Robles’s plea agreement precluded an appeal “unless the Court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this agreement at the time of sentencing.” After calculating Robles’s criminal history category and determining that he was ineligible for safety valve relief, the district court sentenced Robles to the mandatory minimum. The district court did not impose a custodial sentence greater than the applicable mandatory minimum. Under the terms of the plea agreement, Robles has waived the right to appeal his sentence. See United States v. Torres, 999 F.2d 376, 378 (9th Cir.1993) (per curiam); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
Contrary to Robles’s arguments, the plea agreement did not give Robles the right to appeal his sentence if the district court miscalculated his criminal history category. Robles “was reminded at every turn,” Torres, 999 F.2d at 378, that his eligibility for the safety valve, as well as *973 his criminal history category, were uncertain, but the agreement did not include the right to appeal the district court’s calculation of criminal history category. Therefore, Robles waived the right to appeal the district court’s determination that he was not eligible for application of the safety valve.
Nor did the district court impose an illegal sentence which would relieve Robles from the waiver. A sentence is illegal if it “is not authorized by the judgment of conviction, or in excess of the permissible statutory penalty for the crime, or in violation of the constitution.” United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986) (internal quotation marks and citations omitted); see also United States v. Vences, 169 F.3d 611, 613 (9th Cir.1999). Robles’s 120-month sentence was authorized by his judgment of conviction and is far below the statutory maximum listed in 21 U.S.C. § 960(b)(1), which is life imprisonment. See United States v. Littlefield, 105 F.3d 527, 528 (9th Cir.1997) (per curiam) (“[Defendant] was given the minimum sentence permitted by the statute of conviction.... Such a sentence is neither illegal, nor Guidelines-based.” (internal citations and quotation marks omitted)); United States v. Baramdyka, 95 F.3d 840, 843-44 (9th Cir.1996) (“[B]ecause the sentence imposed was well within the statutory maximum, it is not illegal and therefore, [the illegal sentence] exception is unavailable.”).
Because Robles’s appeal is barred by the valid and enforceable waiver of appeal in his plea agreement, we need not address the parties’ other arguments.
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.