NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0243n.06

No. 07-5301

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Apr 20, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,          )
                                   )
        Plaintiff-Appellee,        )
                                   )      ON APPEAL FROM THE UNITED
v.                                 )      STATES DISTRICT COURT FOR
                                   )      THE MIDDLE DISTRICT OF
HENRY V. BRICE,                    )      TENNESSEE
                                   )
        Defendant-Appellant.       )

Before:  **KENNEDY** and **COLE** Circuit Judges, and **JORDAN**, District Judge[*]

**JORDAN**, District Judge.   Henry V. Brice appeals his convictions and sentence of 194 months in prison for aiding and abetting a bank robbery and carrying a firearm in relation to a crime of violence.  Counsel for the defendant filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) suggesting that there were no meritorious grounds for appeal, but nevertheless raising two possible issues: whether Brice had proper legal representation as to his driving under suspension convictions and whether his criminal history category would be lower if his misdemeanors were scored pursuant to amended guidelines.  We

---

[*]The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

conclude that Brice waived his appellate rights in his plea agreement, and his *pro se*

subject matter jurisdiction argument has no merit.  Therefore, we **AFFIRM**.

Brice pleaded guilty to both charges.  In his plea agreement, Brice stipulated

that he waived his right to appeal, except in limited circumstances, if his sentence

fell within the guidelines range anticipated by the parties.  The parties anticipated

that the guideline range would be 194 to 221 months in prison based on a base

offense level of 26 and a criminal history category V, and including a consecutive

mandatory minimum sentence of 84 months for the firearm.

Brice's appellate waiver is valid and bars consideration of the claims raised

in the *Anders* brief.  A waiver provision in a plea agreement is binding so long as it

is made knowingly and voluntarily.  *See, e.g.*, *United States v. Ashe*, 47 F.3d 770,

775-76 (6th Cir. 1995).  A valid waiver precludes a defendant from bringing any type

of claim not excluded by the agreement.  *See Davila v. United States*, 258 F.3d 448,

451 (6th Cir. 2001) (discussing waiver of a collateral appeal).

Brice's plea agreement provides in relevant part:

Defendant further understands he is waiving all appellate rights that
might have been available if he exercised his right to go to trial.  It is
further agreed that (i) defendant will not file a direct appeal, nor litigate
under Title 28 United States Code, Section 2255 and/or Section 2241,
any sentence within or below the Anticipated Guidelines Range. . . .
Such waiver does not apply, however, to a claim of involuntariness,
prosecutorial misconduct, or ineffective assistance of counsel.

At the plea hearing, Brice stated that he was pleading guilty voluntarily and that he

understood that he was waiving his right to appeal his conviction and a sentence

2

within the anticipated guidelines range.  A defendant who expressly represents in open court that his guilty plea is voluntary ordinarily may not repudiate his statements thereafter.  *See United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (relying on *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).  Because the appellate waiver was valid and Brice's sentence was within the anticipated guidelines range, this court need not consider the claims raised by counsel in the *Anders* brief.

The appellate waiver, however, does not bar Brice's *pro se* argument challenging the district court's subject matter jurisdiction over his bank robbery conviction.  "[S]ubject matter jurisdiction may be raised at any time," and is non-waivable.  *Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001); *see also United States v. Titterington*, 374 F.3d 453, 459 (6th Cir. 2004).

Although Brice's argument has not been waived, it is nonetheless without merit.  Brice argues that the FDIC does not insure banks against robberies, an argument which essentially challenges the constitutionality of the bank robbery statute, 18 U.S.C. § 2113.  This court has concluded that the statute is constitutional because FDIC-insured banks are fundamental to interstate commerce and Congress has authority under the Commerce Clause to protect them from robbery.  *United States v. Robinson*, 389 F.3d 582, 593-94 (6th Cir. 2004).  "Robberies of FDIC-insured banks thus have an interstate economic effect that is quite independent of the coverage that FDIC insurance extends to insured banks.  It is therefore of no

3

consequence that FDIC does not cover losses due to robbery." *United States v. Watts*, 256 F.3d 630, 633-34 (7th Cir. 2001) (footnote omitted).

Accordingly, the district court's judgment is **AFFIRMED**, and the motion of attorney T. Clifton Harviel to withdraw as counsel for the defendant is granted.