NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0188n.06

No.  09-3505

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**

**Mar 29, 2011**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JESSE CECENA,

      Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____/

Before:      MARTIN, BOGGS, and COOK, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.  Jesse Cecena appeals his sentence at the lower bound of his properly calculated advisory guidelines range after pleading guilty to conspiracy to distribute marijuana.  However, because Cecena waived his right to appeal in his plea agreement, we decline to consider the issues raised and dismiss the appeal.

**I.**

Cecena pled guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  In his plea agreement, Cecena stipulated that he worked with Sergio Durazo to deliver over 10,000 kilograms but less than 30,000 kilograms of marijuana to the Akron, Ohio area.

The plea agreement also contained a waiver of Cecena's right to appeal his sentence under 18 U.S.C. § 3742 and to challenge the sentence imposed through post-conviction proceedings. Cecena reserved the right to appeal only "(a) any punishment in excess of the statutory maximum;

(b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory sentencing guidelines as contemplated in [his] plea agreement; and (c) issues relating to criminal history calculations." Before accepting the plea, the district court asked Cecena if he understood that, with certain very limited exceptions, he was giving up his right to appeal his conviction. Cecena responded in the affirmative.

The plea agreement expected that Cecena would have a base offense level of thirty-six and the United States agreed to recommend a three-level reduction for acceptance of responsibility. The agreement also stated that "[e]xcept for Acceptance of Responsibility, the parties agree that no other offense level adjustments should apply."

The plea contained no agreement regarding Cecena's criminal history category. At the change of plea hearing, the parties expected that Cecena would fall into criminal history category I. However, the presentence report found that Cecena fell into criminal history category III.

The district court followed the recommendations in the presentence report and granted Cecena a three-level reduction for acceptance of responsibility. With an adjusted offense level of thirty-three and criminal history category of III, Cecena's advisory guidelines range was fourteen to seventeen and one-half years.

Cecena argued that his criminal history score overstated his past criminal conduct, but did not object to the calculation or underlying offenses found in the presentence report. Cecena also argued that his role was relatively minor and he was not the decisionmaker in the organization. The district court declined to depart from the guidelines range on the basis that Cecena's criminal history was overrepresented or on the grounds that he had a minor role in the conspiracy. However, the

district court stated that because Cecena had a relatively minor role, a sentence at the bottom end of the advisory guidelines range was appropriate. The district court sentenced Cecena to fourteen years' imprisonment.

Cecena argues that his sentence is unreasonable because his criminal history category substantially overrepresented his prior criminal history and because his base offense level should have been reduced in light of his minor role in the criminal activity.

## II.

We review de novo whether a criminal defendant waived his or her right to appeal his or her sentence in a valid plea agreement. *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). Criminal defendants may waive any right, including the right to appeal, in a plea agreement. *Id.*; *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). "When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) (alteration in original) (internal quotation marks and citation omitted).

Cecena does not argue that his plea agreement is invalid, and does not even respond to the United States's argument that he has waived his right to appeal. Additionally, the record indicates that Cecena entered the plea agreement knowingly and voluntarily. During the plea colloquy the district court specifically asked Cecena if he understood the waiver provision and Cecena responded in the affirmative. Therefore, we find that Cecena validly waived his right to appeal.

Although Cecena reserved three grounds for appealing the sentence, he does not appeal on any of those grounds. Cecena's sentence was not imposed in excess of the statutory maximum.

Cecena's sentence was not above his advisory guidelines range as contemplated under the plea agreement. And, Cecena is not appealing the calculation of his criminal history.

At the sentencing hearing, Cecena did not object to the presentence report's findings or the district court's determination of his criminal history. Instead, the colloquy at the sentencing hearing shows that counsel argued the overrepresentation issue in support of his argument that the district court should exercise its discretion to depart downward. Specifically, counsel stated that he had no objection to the calculation of Cecena's criminal history in the presentence report. Therefore, Cecena is not appealing the calculation of his criminal history. Instead, Cecena is appealing the district court's decision not to depart downward, which is generally not reviewable on appeal, *see United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008), and which has been specifically waived under the terms of his plea agreement.

Similarly, even if Cecena should have been placed in criminal history category I, his sentence is still not above the advisory guidelines range contemplated by the plea. The plea agreement placed Cecena at offense level thirty-six, with a possible three-level reduction for accepting responsibility. Thus, even with the lowest offense level contemplated by this agreement—level thirty-three—and a criminal history category of I, Cecena's advisory guidelines range would have been eleven years and three months to fourteen years. Cecena's sentence of fourteen years falls within that range. Therefore, even if we were to construe the plea agreement as containing an expectation that Cecena would be in criminal history category I, Cecena still did not receive a sentence above the high end of the advisory guidelines range contemplated by his plea agreement. Because Cecena knowingly

and voluntarily waived his right to appeal, and he is not appealing on any of the three grounds on

which he reserved the right to appeal, we dismiss the appeal.

## III.

We therefore dismiss the appeal because Cecena appeals only on grounds expressly waived

in his plea agreement.