**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 11a0479n.06**

**No. 09-4365**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jul 13, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| PHILLIP MARTINEZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COLE, McKEAGUE, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Phillip Martinez pled guilty, pursuant to a Rule 11 plea agreement, to one count of conspiracy to possess with intent to distribute at least 400 kilograms but less than 700 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced him to the mandatory minimum term of sixty months of imprisonment and four years of supervised release.

Martinez now appeals his sentence, arguing that the district court miscalculated his criminal history score as category II, rather than category I, when it improperly counted a stale 1996 theft conviction as part of his criminal history, contrary to U.S.S.G. § 4A1.2(e). Without this prior conviction being scored, Martinez would have been eligible for a sentence below the mandatory minimum under the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

The government has filed a motion to dismiss the appeal on the ground that it is barred by the appellate waiver provisions of Martinez's plea agreement. We agree and therefore dismiss this appeal.

I.

On August 7, 2008, as part of a multi-defendant, multi-count superseding indictment, defendant Martinez was charged with one count of conspiracy to distribute and possess with intent to distribute cocaine, heroin, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. According to the indictment, beginning on or about November 17, 2007, Martinez conspired with other individuals to obtain and transport cocaine, marijuana, and other drugs from supply sources in Mexico to Toledo, Ohio, for distribution through mid-level dealers. Martinez's role in the conspiracy was as a courier – he transported drugs and cash proceeds from the drug sales in Toledo to Arizona.

On May 4, 2009, Martinez pled guilty, pursuant to a Rule 11 plea agreement, to one count of conspiring to possess with the intent to distribute 400 to 700 kilograms of marijuana, in violation of 21 U.S.C. § 846. In the plea agreement, the parties stipulated that Martinez "conspired to possess with intent to distribute at least 400 kilograms but less that 700 kilograms of marijuana (Base Offense Level 28) (mandatory minimum 5 years imprisonment)[,]" with a potential maximum sentence of forty years, four years of supervised release, and a fine of $2,000,000. "The parties agree[d] to recommend that the Court impose a sentence within the range determined pursuant to the advisory Sentencing Guidelines in accordance with the computations and stipulations set forth

[in the plea agreement]." There was no agreement as to Martinez's sentencing guideline level or criminal history category. Paragraph 16 of the plea agreement incorporated a waiver of appeal:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly waives those rights except as reserved below. Defendant reserves the right to appeal: *(a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court.* Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

(Emphasis added.)

At the change of plea hearing held before a magistrate judge, the parties reviewed the terms of the plea agreement, including the stipulated marijuana amount, the base offense level of 28, the mandatory minimum sentence of five years, and the appellate-waiver provision and its exceptions. Martinez confirmed his knowing and voluntary approval of the plea agreement and the accuracy of the factual basis for his plea, and both parties expressed their satisfaction that the magistrate judge had complied with the requirements of Rule 11.

Consistent with the terms of the plea agreement, the Presentence Investigation Report ("PSR") prepared by the probation office set Martinez's base offense level at 28, based upon the Drug Quantity Table in U.S.S.G. § 2D1.1(c)(6). With a three-level adjustment for acceptance of responsibility, the total offense level was reduced to 25. The PSR was internally inconsistent with

regard to Martinez's criminal history category: Although it assigned Martinez two criminal history points, corresponding to criminal history category II, based upon a 1996 Arizona conviction for two counts of theft, the probation office calculated the advisory guidelines range using criminal history category I and the total offense level 25. The resultant guidelines range was 57 to 71 months of imprisonment, with a statutory minimum sentence of 60 months. However, neither the government nor defense counsel objected to the PSR's calculations or this discrepancy.

At Martinez's sentencing hearing, the district court stated that "[it is] my understanding that the base offense level is 25, the *Criminal History Category is II*, and . . . the guideline range is 60 to 71 months[,]" and "[i]t's also my understanding that there's a minimum mandatory term of 60 months; is that correct?" (Emphasis added.) The attorneys for both parties orally confirmed the accuracy of these calculations. Upon this confirmation, the court indicated that "it would be my inclination to impose the minimum mandatory term." Defense counsel responded: "Although there was some effort[] on behalf of Mr. Martinez to at some point think that he may have been eligible for the Safety Valve[,] after . . . investigation of the case, obviously [he] is not eligible. What he is asking, as this Court has indicated, is to consider the mandatory minimum." Following Martinez's allocution, the district court sentenced him to the mandatory minimum sixty months of imprisonment, to be followed by four years of supervised release, and a special assessment of $100.00.

Martinez now timely appeals his sentence, and the government has filed a motion to dismiss Martinez's appeal on the ground that it is precluded by the appeal waiver contained in Paragraph 16 of the plea agreement.

II.

Martinez did not object below to the scoring of his criminal history, and, in fact, when prompted by the district court at the sentencing hearing, his attorney affirmatively agreed that a criminal history category II was applicable. He now argues, in retrospect and with the assistance of new counsel, that under U.S.S.G. § 4A1.2(e)(2), his 1996 Arizona theft conviction was stale and should not have been used in calculating his criminal history score, with the result that he should have been assigned a criminal history category of I, not II. Martinez contends that because of the miscalculation, the option of a safety-valve reduction in his sentence pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 was never considered by the district court and, therefore, a remand for resentencing is warranted.

The government concedes that Martinez was improperly assessed two criminal history points and miscategorized in category II, because the sentence for his February 1996 theft conviction, for which Martinez served a sentence of six months in jail and probation, was not "imposed within ten years of the defendant's commencement of the instant offense" on November 17, 2007. It therefore was outdated and should not have been counted under U.S.S.G. §§ 4A1.2(a), (e)(2), and (k)(2)(B)(iii). *See generally United States v. Decker*, 370 F. App'x 671, 676 (6th Cir. 2010); *United States v. Deitz*, 577 F.3d 672, 698 (6th Cir. 2009); *United States v. Brogdon*, 503 F.3d 555, 560 (6th

Cir. 2007). Nonetheless, the government has moved to dismiss Martinez's appeal on the ground that his sentencing challenge falls within parameters of the appeal waiver in the plea agreement.

"[A] valid waiver of the right to appeal warrants the dismissal of an appeal that is filed in violation of the waiver[.]" *United States v. Crumpler*, 393 F. App'x 321, 327 (6th Cir. 2010) (citing *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005)). The question of whether a defendant waived the right to appeal his sentence in a valid plea agreement is reviewed de novo. *United States v. Thomas*, 605 F.3d 300, 312 (6th Cir. 2010); *United States v. Jones*, 569 F.3d 569, 571-72 (6th Cir. 2009). Plea agreements are to be interpreted strictly, with ambiguities construed against the government. *Thomas*, 605 F.3d at 312. It is well settled that "[a] defendant may waive any right, including a constitutional right, in a plea agreement so long as the waiver is knowing and voluntary." *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008) (citing *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004)). Consequently, "[w]hen a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) (second alteration in original) (citation and internal quotation marks omitted); *see also United States v. Brice*, 373 F. App'x 561, 562 (6th Cir. 2010) ("A valid waiver precludes a defendant from bringing any type of claim not excluded by the agreement.").

Applying these principles, we have held that sentencing challenges similar to the one brought by Martinez are waived under the terms of particular plea agreements. *See United States v. Cecena*, No. 09-3505, 2011 WL 1130440, at *2 (6th Cir. Mar. 29, 2011) (unpublished) ("[E]ven if we were

to construe the plea agreement as containing an expectation that [the defendant] would be in criminal history category I, [he] still did not receive a sentence above the high end of the advisory guidelines range contemplated by his plea agreement. Because [he] knowingly and voluntarily waived his right to appeal, and he is not appealing on any of the three grounds on which he reserved the right to appeal, we dismiss the appeal."); *United States v. Thomas*, 605 F.3d 300, 314 (6th Cir. 2010) (holding that the defendant waived the right to appeal the denial of his request for safety valve relief under U.S.S.G. § 5C1.2 where his plea agreement "explicitly tied the calculation of his guideline range to the statutory mandatory-minimum sentence and he clearly waived the right to appeal the district court's calculation of his guideline range and sentence"); *United States v. Villanueva*, 249 F. App'x 413, 416-17 (6th Cir. 2007) (holding the defendant's claim that the district court failed to evaluate the applicability of the safety-valve provisions to his within-guidelines sentence was waived by his plea agreement, which preserved the right to appeal only any punishment in excess of the statutory maximum and any punishment to the extent it constituted a departure from the sentencing guidelines range deemed most applicable by the district court); *United States v. Luebbert*, 411 F.3d 602, 603-04 (6th Cir. 2005) (holding that waiver of appeal, except as to punishment in excess of the statutory maximum or constituting an upward departure from the guideline range deemed most applicable by the district court, precluded the right to appeal *Booker*-related violations).[1]

---

[1]*See also Sotirion v. United States*, 617 F.3d 27, 38 (1st Cir. 2010) (holding that "miscalculation of the [defendant's] advisory guidelines range is precisely the kind of 'garden-variety' claim of error contemplated by [the defendant's] appellate waiver[,]" which "even if under ordinary circumstances it would constitute reversible error, cannot vault the hurdle erected by the waiver [in the plea agreement].") (citation and internal quotation marks omitted); *United States v.*

In the present case, Martinez's sentencing challenge is similarly barred by the appeal waiver. The record reflects that Martinez entered into his plea agreement knowingly and intelligently. No stipulations were made with regard to his sentencing guideline level or criminal history category, and no contingencies were incorporated into the plea agreement pertaining to Martinez's eligibility for safety valve relief. He expressly waived his right to appeal unless his sentence (1) "exceed[ed] the statutory maximum" or (2) "exceed[ed] the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, *using the Criminal History Category found applicable by the Court*." (Emphasis added.) Neither of these exceptions to the waiver applies here. Martinez's sixty-month sentence did not exceed the statutory maximum, and although the criminal history category assigned by the district court was erroneous, his sentence comported with the stipulations in the plea agreement and did not exceed the guidelines corresponding to the criminal history found applicable by the district

---

*Donath*, 616 F.3d 80, 84-85 (1st Cir. 2010) (dismissing the defendant's appeal of within-guidelines sentence where he "entered his plea and waived his right to appeal knowing that his eligibility for safety-valve relief remained uncertain. His plea agreement did not reserve the ability to appeal the issue of his eligibility for the safety-valve determination. Had Donath wanted to condition his plea on safety-valve eligibility, he could have bargained for that right."); *United States v. Padilla-Colon*, 578 F.3d 23, 29 (1st Cir. 2009) ("The terms of the plea agreement do not guarantee [the defendant] that he will be found eligible for safety-valve relief. Thus, [he] waived his right to appeal his sentence regardless of whether the court found him eligible for the safety valve."); *United States v. Robles*, 310 F. App'x 971, 972-73 (9th Cir. 2009) (holding that the defendant waived the right to appeal the district court's determination that he was ineligible for application of the safety valve where "the plea agreement did not give [the defendant] the right to appeal his sentence if the district court miscalculated his criminal history category" and the defendant was "reminded at every turn . . . that his eligibility for the safety valve, as well as his criminal history category, were uncertain, but the agreement did not include the right to appeal the district court's calculation of criminal history category.") (citation and internal quotation marks omitted).

court.  Thus, Martinez has waived his right to appeal.  We therefore grant the government's motion to dismiss.

## III.

For these reasons, we dismiss Martinez's appeal.