**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael HAWKINS, Defendant–
Appellant.**

No. 99–4266.

United States Court of Appeals,
Sixth Circuit.

March 25, 2002.

Before KENNEDY and DAUGHTREY, Circuit Judges, and BELL *, District Judge.

PER CURIAM.

The defendant, Michael Hawkins, was convicted of conspiracy to distribute cocaine and of two counts of using a communications facility to commit a felony and was sentenced to a mandatory minimum term of 240 months in prison. On appeal, he originally contended that a portion of his trial should have been severed from that of a co-defendant, that he was denied a speedy trial, and that the sentence imposed upon him violated legal principles enunciated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

At oral argument, however, the defendant conceded that he had waived the severance issue by failing to renew his motion to sever at the end of all the proof and that the facts of the case failed to make out a violation of the Speedy Trial Act. In addition, he effectively conceded that the government did not try him in contravention of his constitutional right to a speedy trial, indicating that the only period of delay to which he objected was the six-month period between the initial indictment and the superceding indictment. This delay, he argued, was presumptively prejudicial. However, he was unable to cite legal authority to support this argument, and we have found none. We therefore conclude that there is no basis for overturning the convictions in this case.

On the other hand, the government concedes error in Hawkins's sentencing order, which was entered shortly before the *Apprendi* decision was announced. Without the benefit of that decision, the district court evaluated the evidence presented at trial and the facts offered by the probation office in Hawkins's presentence report and concluded, by a preponderance of the evidence, that the defendant was responsible for between five and 15 kilograms of cocaine. Consequently, even though the applicable guidelines range for the offense was only 168–210 months, the court cited the mandatory minimum sentence provisions of 21 U.S.C. § 841(b)(1)(A) and, because the defendant had previously been convicted of another felony drug offense, ordered Hawkins to serve 20 years (240 months) in prison. This order fails to comply with *Apprendi* and with our subsequent opinion in *United States v. Ramirez*, 242 F.3d 348 (6th Cir.2001).

---

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

For this reason, we AFFIRM that portion of the district court's order relating to the defendant's convictions but REVERSE as to the sentencing order and REMAND the case for resentencing.