*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0107p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

Nos. 06-5909/6442

HOWARD KIRK GIBNEY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 04-00047—Avern Cohn, District Judge.

Argued: February 8, 2008

Decided and Filed: March 7, 2008

Before: SUHRHEINRICH, SUTTON, and GRIFFIN, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Christopher N. Lasch, LAW OFFICE, New Haven, Connecticut, for Appellant. Terry M. Cushing, ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellee. **ON BRIEF:** Christopher N. Lasch, LAW OFFICE, New Haven, Connecticut, for Appellant. Terry M. Cushing, Larry E. Fentress, Monica Wheatley, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

_____

## OPINION

_____

GRIFFIN, Circuit Judge. Defendant Howard Kirk Gibney appeals his sentence wherein the district court imposed a term of imprisonment of 84 months and a restitution order in the amount of $1,103,358.10. Defendant argues that the district court erred as a matter of law in finding that Firefighter Carlos Cruz suffered bodily injury sufficient to warrant the imposition of the 84-month mandatory minimum sentence pursuant to 18 U.S.C. § 844(i). Gibney further appeals the factual basis and timeliness of the district court's restitution order. For the reasons stated herein, we affirm defendant's sentence.

I.

Defendant and his son, Jonathan Ward, were arrested in connection with a series of building fires at seven mattress and bedding stores in the Louisville, Kentucky area. These fires were later

determined to be arsons. One such fire, which occurred on November 11, 2003, resulted in injury to a firefighter, Carlos Cruz, who responded to the blaze.

On May 4, 2004, an indictment was returned in the United States District Court for the Western District of Kentucky, alleging four counts of violation of 18 U.S.C. §§ 844(i) and 2 against defendant and Ward. A Superceding Indictment was filed on September 7, 2004, alleging one count of conspiracy to violate § 844(i) pursuant to 18 U.S.C. § 844(n), seven counts of violation of 18 U.S.C. § 844(i), and one count of mailing a threatening communication in violation of 18 U.S.C. § 876(c). A Second Superceding Indictment was filed on October 4, 2005, charging defendant and Ward with one count of conspiring to maliciously damage, by means of fire, a building used in interstate commerce and in activities affecting interstate commerce, in violation of 18 U.S.C. § 844(n) (Count One); seven counts of maliciously damaging, by means of fire, a building used in interstate commerce, in violation of 18 U.S.C. §§ 844 (i) and 2 (Counts Two, Three, Five, Six, Seven, and Eight); one count of maliciously damaging, by means of fire, a building used in interstate commerce, resulting in personal injury to a public safety officer performing duties as a direct and proximate result of defendant's conduct, in violation of 18 U.S.C. §§ 841(i) and 2 (Count Four); one count of delivering a threatening communication to another by means of the United States Postal Service, in violation of 18 U.S.C. § 876(c) (Count Nine); one count of conspiracy to murder a United States judge in retaliation for the performance of his official duties, in violation of 18 U.S.C. § 1117 (Count Ten); and one count of conspiracy to commit an offense against the United States – that is, to corruptly and by threat endeavor to influence, obstruct, and impede the due administration of justice, in connection with the trial of a criminal case, by threatening to murder potential government witnesses – in violation of 18 U.S.C. § 1512(b) (Count Eleven).

On April 7, 2006, defendant pleaded guilty to Counts One through Nine of the Second Superceding Indictment pursuant to a Rule 11(c)(1)(B) plea agreement ("the agreement"). The agreement specified that the United States agreed to dismiss Counts 10 and 11, to recommend a reduction of three levels to defendant's Guideline calculations for acceptance of responsibility and timely notification (U.S.S.G. §§ 3E1.1(a) and (b)), and to stipulate that the combined pecuniary loss from the arsons did not exceed $2,500,000. The parties further agreed, at paragraph ten of the agreement, that the United States would "recommend a sentence of imprisonment within the applicable Guideline range, but not less than any mandatory minimum required by law." The agreement stated that, at the time of sentencing, the United States would argue that a seven-year statutory mandatory minimum applied "due to the personal injury alleged in Count 4 of the Second Superseding Indictment." The agreement also noted defendant's belief that the applicable mandatory minimum was only five years. The agreement went on to say "[b]oth parties agree to be bound by the Court's determination as to minimum and maximum terms of imprisonment and supervised release." Defendant signed the agreement, acknowledging "I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it."

The district court ordered that a presentence investigation report ("PSR") be prepared. The PSR recommended the imposition of a seven-year mandatory minimum term of imprisonment, pursuant to 18 U.S.C. § 844(i), because of the injury suffered by Firefighter Cruz. It additionally recommended restitution, although at that time many victims had not submitted their proof of loss. Defendant objected to both the PSR's sentencing and restitution determinations. Defendant's objection rested on his belief that the injury suffered in Count Four, which gave rise to the seven-year minimum, was not a direct or proximate result of defendant's and Ward's arson. He further contended that "personal injury," as described in § 844(i), was ambiguous and actually necessitated a finding of serious injury. Defendant lastly objected to the restitution amounts as being unsupported by the record.

These issues were addressed at sentencing, with the United States offering Firefighter Carlos Cruz as a witness. Firefighter Cruz testified that he lacerated his thumb while he used his axe to break a glass door at the scene of the November 11, 2003, fire. He explained that he was not wearing his protective gloves because he was in a hurry to comply with his captain's orders. Cruz stated that he suffered nerve damage, which required surgery to repair and rendered him unable to use his thumb for approximately one month. This injury required him to miss work and later necessitated a second surgery. Cruz testified that he still has problems with stiffness and numbness in his thumb. The district court determined that this testimony satisfied the "personal injury" element of § 844(i) and imposed a seven-year mandatory minimum sentence. The district court also noted that the PSR recommended restitution in the amount of $756,053.29. The United States informed the district court that, based on recently submitted claims, the actual restitution amount was $1,257,118.20. Over defendant's objection, the latter figure was imposed as restitution in the criminal judgment. On October 24, 2006, the district court modified the earlier judgment, reducing the restitution amount to $1,103,358.10, based upon additional documentation provided by the United States.

Defendant filed his notice of appeal on November 23, 2006, disputing the district court's determination of the mandatory minimum sentence and further arguing that the initial restitution award was without evidentiary support and the subsequent modification was untimely. The United States moved to dismiss the appeal on the basis of the appeal waiver provision contained within the plea agreement. The motion was referred to a motions panel of this court and was referred subsequently to the present panel to be addressed along with the underlying appeal. At oral argument, the government withdrew its motion to dismiss insofar as it related to defendant's challenge to his term of imprisonment. However, the United States continued its motion in regard to defendant's challenge to the restitution order.

II.

Defendant asserts that the district court erred in imposing a seven-year mandatory minimum sentence based upon the personal injury suffered by Firefighter Cruz. He first argues that the district court erred in failing to find, beyond a reasonable doubt, that "personal injury" occurred as a direct and proximate result of his conduct. Gibney claims that our decision in *Logan v. United States*, 434 F.3d 503 (6th Cir. 2006), requires that any factors that increase the available punishment under § 844(i) must be determined by a jury beyond a reasonable doubt, as they are elements of distinct statutory offenses. Defendant contends that the district court, in place of the jury, was required to determine that Firefighter Cruz suffered bodily injury beyond a reasonable doubt. According to defendant, the district court was required to specify the burden of proof it applied in determining Gibney's sentence and failed to do so. Defendant secondly argues that the "personal injury" requirement of 18 U.S.C. § 844(i) is ambiguous and actually requires "significant physical injury."

Defendant's arguments, however, are foreclosed by his guilty plea. We first note that Gibney seeks to have his sentence and restitution award vacated; he does not seek to withdraw his guilty plea or otherwise contend that he pleaded to any charge in an unknowing or involuntary manner. Defendant pleaded guilty to Count Four of the Second Superseding Indictment, specifically, that he maliciously damaged, by means of fire, a building used in interstate commerce, *resulting in personal injury to a public safety officer performing duties as a direct and proximate result of the defendant's conduct, in violation of 18 U.S.C. § 844 (i)*. Because defendant pleaded guilty to this charge, he is deemed to have committed the alleged conduct. *United States v. Broce*, 488 U.S. 563, 570 (1989) ("By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime."); *McCarthy v. United States*, 394 U.S. 459, 466 (1969) ("a guilty plea is an admission of all the elements of a formal criminal charge"); *see also United States v. Skinner*, 25 F.3d 1314, 1316 (6th Cir. 1994) (same). Therefore,

whatever unmentioned descriptor defendant believes modifies "personal injury," as used in § 844(i), be it "serious," "significant," or "substantial," defendant has admitted to causing that injury.

However, even if we were to assume that defendant had not already pleaded guilty to causing "personal injury," as defined in 18 U.S.C. § 844(i), we nonetheless hold that the term "personal injury" does not require a finding of "serious" or "significant" injury. A "familiar canon of statutory construction [is] that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). Here, Congress was free to include "significant" or "serious" as part of the injury element of § 844(i). It did not. Because Congress has used "significant," "serious," and "substantial" injury in a myriad of other contexts – *see, inter alia,* 18 U.S.C. § 2118(a)(3) (robberies and burglaries involving controlled substances); 18 U.S.C. § 2332b(a)(1)(B) (acts of terrorism); 15 U.S.C. § 1261(f)(1)(A) (hazardous substances); 18 U.S.C. §§ 113(a)(6) and (a)(7) (assault) – we can only assume this omission is intentional. *See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 2455, 2459 (2006) ("We have 'stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.'") (quoting *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)). Because we agree with the district court that the term "personal injury" as used in the statute is not ambiguous, we likewise find no error with the district court's imposition of the mandatory minimum sentence pursuant to § 844(i).

III.

Defendant also appeals the district court's restitution order, both in terms of the restitution calculation, as well as the timeliness of the subsequent modification to the order. Specifically, Gibney asserts that the district court lacked any evidentiary basis for the entry of the initial restitution order and also lacked jurisdiction to later amend the order because the district court exceeded the ninety-day timeframe set forth in 18 U.S.C. § 3664(d)(5). The United States argues that defendant has waived his right to appeal the restitution order. We agree.

While a restitution order is normally reviewed under an abuse of discretion standard, *United States v. Dunigan*, 163 F.3d 979, 981 (6th Cir. 1999), the issue of whether a defendant validly waived his right to appeal his sentence in a plea agreement is reviewed under a de novo standard. *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005). "'It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement.'" *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005) (quoting *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004)). Such waivers are not absolute, however, as they must be made knowingly and voluntarily. *United States v. Sharp*, 442 F.3d 946, 949 (6th Cir. 2006). A waiver is neither informed nor voluntary when the defendant does not understand, or is not apprised of, the operation of the waiver. *Murdock*, 398 F.3d at 495-97. Indeed, "it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). To ensure that the waiver of appellate rights is both knowing and voluntary, Federal Rule of Criminal Procedure 11(b)(1)(N) requires a district court, when accepting a defendant's guilty plea, to "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." FED. R. CRIM. P. 11(b)(1)(N); *United States v. Wilson*, 438 F.3d 672, 674 (6th Cir. 2006).

The waiver provision at issue in the case is contained in paragraph thirteen of the plea agreement. The waiver reads, in full:

>   Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise, for any reason. This waiver is conditioned upon the Court imposing sentence in accordance with the sentencing recommendations set forth in paragraph 10 above.

In short, defendant agreed to waive his right to appeal provided the sentence imposed comported with the language contained in paragraph ten. Paragraph ten reads in relevant part:

>   At the time of sentencing, the United States will
>
>>   – recommend a sentence of imprisonment within the applicable Guideline Range, but not less than any mandatory minimum sentence required by law.

The "mandatory minimum sentence required" is elaborated upon at paragraph four of the agreement, wherein it states that "[d]efendant contends that the charges to which he will plead guilty carry a minimum term of imprisonment of five years. The United States will argue at sentencing that a seven-year statutory minimum sentence applies due to the personal injury alleged in Count 4 of the Second Superseding Indictment." This paragraph continues, "[b]oth parties agree to be bound by the Court's determination as to the minimum and maximum terms of imprisonment and supervised release." As we concluded above, the district court's finding of personal injury was not in error and the district court's imposition of the 84-month mandatory minimum sentence was within the contours of the plea agreement. Because "[r]estitution is a part of one's sentence under the statutory scheme," *United States v. Vandeberg*, 201 F.3d 805, 814 (6th Cir. 2000), and because the plea agreement contemplated a waiver of the right to appeal Gibney's criminal sentence, we hold that defendant has waived this issue.

IV.

For these reasons, we affirm the judgment of the district court.