**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0776n.06
Filed: December 22, 2008

**No. 07-1728**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| CHARLES NECOBE SMITH, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GIBBONS and COOK, Circuit Judges; and STEEH, District Judge.[*]

PER CURIAM. After defendant-appellant Charles Necobe Smith pleaded guilty to possessing a firearm as a felon in exchange for the government dismissing a drug count, the district court sentenced him to 60 months in prison. Smith mounts three challenges to how the district court used conduct underlying the charged, but later dismissed, drug count to calculate his advisory Sentencing Guidelines range. For the reasons that follow, we affirm.

I.

Police executed a search warrant and raided Smith's apartment, storming through the front door as Smith ran out the rear. As police pursued Smith, they observed him toss a flask, later

[*]The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

discovered to contain crack cocaine. Inside Smith's apartment, officers found more crack and a semiautomatic pistol. Smith admitted possessing the crack but denied possessing the pistol, claiming that a friend left it in his apartment and he had no way to dispose of it.

A federal grand jury indicted Smith for possessing a firearm as a felon and possessing crack cocaine with intent to distribute. He agreed to plead guilty to the firearm offense in exchange for the government dismissing the drug count. At sentencing, the district court—noting that Smith admitted possessing at least 10 grams of crack with an intent to distribute—found that Smith possessed both the firearm and the crack, but declined to find that Smith used the firearm in connection with drug trafficking.

Smith faced a 37-to-46-month Guidelines range on the firearm offense, a range the district court worried did not adequately account for Smith's admitted involvement in drug activity. Had Smith been convicted of the drug offense, the district court noted, "he would have been looking at [a] 60 month minimum." Attentive to this disparity between the advisory Guidelines range that Smith's plea yielded and the range that would have applied to his admitted drug possession, the district court informed Smith that it intended to impose a sentence above the advisory range. The court then postponed sentencing to give Smith an opportunity to evaluate whether to withdraw his plea.

Smith adhered to his guilty plea, and the district court sentenced him "as if he were found guilty of the drug offense," imposing 60 months imprisonment with this comment:

> [T]he guideline range . . . is 70 to 87 months if he just takes the drug charge, no gun enhancement, and the quantity—and give him three points off for acceptance [of responsibility]. So it's 70-87 months. I think I should at least, in fairness, . . . impose a sentence at the bottom of what the guideline range is for the amount of drugs that he had after giving him acceptance of responsibility, which would be 60 months incarceration . . . .

Smith timely appealed.

## II

Smith urges us to remand for resentencing, arguing that the district court committed a significant procedural error by failing to properly calculate the Guidelines range that would have applied to the dismissed drug count. *See United States v. Gall*, 128 S. Ct. 586, 597 (2007). According to Smith, that range should have been scored at 57-to-71 months, not the 70-to-87 months that the district court referenced. This argument carries no weight because *Gall* only requires "a district court [to] begin all sentencing proceedings by correctly calculating the *applicable* Guidelines range." *Id*. at 596 (emphasis added). Smith admits that the district court correctly calculated the applicable range for the firearm offense to which Smith pleaded guilty. The district court then properly exercised its discretion to select a longer sentence that accounted for the conduct underlying the dismissed drug count. Smith therefore lacks a valid argument for procedural error.

We note, as Smith concedes, that the district court intended to "impose a sentence at the bottom of what the guideline range" would have been for the dismissed drug offense. His 60-month

sentence falls just 3 months short of the bottom of the 57-to-71 range that Smith insists *would* have applied to the drug offense, meaning that even under Smith's theory, the sentence fits.

Smith's brief also advanced a Sixth Amendment right-to-trial-by-jury challenge, contending that the district court impermissibly relied upon the conduct underlying the dismissed drug count to calculate his advisory Guidelines range. At oral argument, however, Smith withdrew this argument and conceded that our decision in *United States v. Conway*, 513 F.3d 640 (6th Cir. 2008), remains good law and allows district courts to consider dismissed conduct in calculating an advisory Guidelines range. *Id*. at 645. This concession resolves Smith's jury-trial-right claim.

Smith's concession also resolves his final argument—that the district court erred by characterizing his drug possession as "relevant conduct," U.S.S.G. § 6B1.2, after it already found that he did not possess the firearm "in connection with" drug-trafficking, U.S.S.G. § 2K2.1(b)(6). Smith admits that U.S.S.G. § 5K2.21, which allows courts to "depart upward to reflect the actual seriousness of the offense based on conduct . . . underlying a charge dismissed as part of a plea agreement," compels affirming his sentence unless courts invalidate § 5K2.21 on Sixth-Amendment grounds. But Smith's concession at oral argument—that *Conway* permits a district court to use dismissed conduct when calculating an advisory Guidelines range, 513 F.3d at 645—forecloses this Sixth Amendment challenge. The district court thus properly viewed the drug possession as relevant conduct for sentencing purposes.

III.

We affirm the district court's sentence.