NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0824n.06

No. 13-3608

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| ROBERT J. WORKMAN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

FILED
**Sep 12, 2013**
DEBORAH S. HUNT, Clerk

BEFORE: COLE, KETHLEDGE, and STRANCH, Circuit Judges.

PER CURIAM. Robert J. Workman appeals the district court's denial of a sentencing reduction for acceptance of responsibility. We affirm Workman's sentence.

Waiving his right to prosecution by indictment, Workman pleaded guilty to an information charging him with filing a false income tax return in violation of 26 U.S.C. § 7206(1). Workman's plea agreement included the following factual summary:

> 26. At all times material herein, Defendant was a partner in 104 Investments, LLC with A.D.N. and J.A.H., not charged herein, and, as such, had a one-third interest in that partnership. 104 Investments, LLC was formed to facilitate the receipt and disbursement of funds from real estate transactions in Florida conducted by A.D.N. and J.A.H.

> 27. On or about August 3, 2006, a wire transfer in the amount of approximately $2.5 Million was deposited into the bank account of 104 Investments, LLC from a fraudulent real estate transaction or property "flip" by A.D.N. and J.A.H.

> 28. Although Defendant was not involved in this fraudulent sale or "flip," by the time the defendant filed his Individual Income Tax Return for calendar year 2006, he knew:

        a.      That A.D.N. and J.A.H. had defrauded the elderly Ohio purchasers of the property, known as "The View", in Panama City, Florida, by falsely representing to them the true identity of the seller of the property. A.D.N. and J.A.H. actually purchased "The View" themselves for approximately $4.4 Million and then, immediately after their purchase, sold or "flipped" the property to the elderly Ohio purchasers for the fraudulently inflated price of $7 Million. The elderly Ohio purchasers, however, still thought that they were dealing with the original owner.

        b.      That A.D.N. and J.A.H. had also defrauded these Ohio purchasers by falsely representing to them that, as part of the purchase, the property would be developed, when, in fact, as J.A.H., A.D.N. and Defendant well knew, monies from the sale proceeds were spent, not on development, but on themselves, in the form of luxury sport watches and other jewelry, vacations to Las Vegas, Nevada, to pay for their personal and unrelated, prior business expenses, and to pay $690,000.00 to J.C., (not charged herein), as a kick back for setting up this fraudulent deal.

        c.      That the partners of 104 Investments, LLC were not entitled to deduct the $690,000.00 paid to J.C. as a business expense on the 104 Investments, LLC Partnership Tax Return for calendar year 2006 since it was nothing more than a kick back for setting up a fraudulent real estate sale or land flip.

        d.      That the distributive share of each of the partners of 104 Investments, LLC, as determined by the Partnership Return, was supposed to be reported as income on their various individual tax returns; and that the defendant, therefore under reported his income received from 104 Investments, LLC on his Individual Income Tax Return for calendar year 2006 since the above-mentioned fraudulent deduction of $690,000.00 as a business expense reduced his distributive share of partnership income which he reported on his Individual Income Tax Return for calendar year 2006.

        e.      As a result of this false and fraudulent deduction, one-third of the partnership income which flowed through to the 2006 U.S. Individual Income Tax Return of Defendant was under reported by $230,000.00.

(Plea Agreement ¶¶ 26-28).

At sentencing, the district court denied Workman a reduction for acceptance of responsibility under USSG § 3E1.1. After granting the government's request for a four-level downward departure for substantial assistance pursuant to USSG § 5K1.1, the district court calculated Workman's

advisory guidelines range as ten to sixteen months of imprisonment based on a total offense level of 12 and a criminal history category of I. The district court, varying downward from that range, sentenced Workman to six months of imprisonment, followed by one year of supervised release, and ordered him to pay restitution in the amount of $76,794.

Workman challenges the district court's denial of a reduction for acceptance of responsibility. In response, the government contends that Workman knowingly and voluntarily waived his right to appeal his sentence. We review de novo "whether a defendant waived his right to appeal his sentence in a valid plea agreement." *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005) (quoting *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003)). A defendant "may waive any right, even a constitutional right, by means of a plea agreement," but such waivers "must be made knowingly and voluntarily." *United States v. Gibney*, 519 F.3d 301, 305-06 (6th Cir. 2008) (internal quotation marks and citations omitted). "To ensure that the waiver of appellate rights is both knowing and voluntary, Federal Rule of Criminal Procedure 11(b)(1)(N) requires a district court, when accepting a defendant's guilty plea, to 'inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." *Id*. at 306 (quoting Fed. R. Crim. P. 11(b)(1)(N)).

In his plea agreement, Workman waived his right to appeal his sentence except for the right to appeal: "(a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court; or (c) the Court's determination of Defendant's Criminal History Category." (Plea Agreement ¶ 23). Workman's six-month sentence

did not exceed the statutory maximum of three years, *see* 26 U.S.C. § 7206, or the guidelines range of four to ten months, the lowest possible range under the plea agreement. Workman does not challenge his criminal history category. During the plea hearing, Workman expressly confirmed that he had reviewed the plea agreement's appellate-waiver provision and discussed it with his attorney and that he understood the provision. The district court then discussed the appeal rights that Workman was waiving and those that he was retaining, and Workman again confirmed that he understood the appellate-waiver provision. The record reflects that Workman knowingly and voluntarily waived his right to appeal his sentence. *See United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004).

Moreover, the district court did not clearly err in denying a reduction for acceptance of responsibility. *See United States v. Theunick*, 651 F.3d 578, 588 (6th Cir. 2011) (reviewing denial of reduction for acceptance of responsibility for clear error). USSG § 3E1.1(a) provides for a two-level decrease in a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." In determining whether a defendant has accepted responsibility, the district court may consider whether the defendant truthfully admits or does not falsely deny "any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." USSG § 3E1.1, comment. (n.1(A)). Although "a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction . . . , a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *Id*. Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility . . . , the determination of the sentencing judge is entitled to great deference on

review." USSG § 3E1.1, comment. (n.5); *see United States v. Webb*, 335 F.3d 534, 538 (6th Cir.

2003).

At sentencing, the district court questioned whether Workman had truly accepted

responsibility in light of his written statement to the court:

> During the year of 2006, I was one[-]third owner in 104 [I]nvestments. At that time my partners closed on a real estate deal in which was later deemed fraudulent (unknowing to my knowledge). Furthermore, the company issued over Six Hundred and Ninety Thousand Dollars to a particular individual from the above real estate deal mentioned. The monies issued were advised from our accountant to become a "write off" on that particular year[']s taxes and filed as such by the accounting firm for that year. From my understanding, since the monies were received were deemed fraudulent and written off as "tax break", I being one[-]third owner of the company did not take the full tax burden that I should have taken. Therefore, since the additional income was not accounted properly, I filed an illegal tax return for that particular year.

(Presentence Report ¶ 15). Defense counsel conceded that "it was somewhat of a milk toast

acceptance in the written form." (Sentencing Tr. 5). The district court compared Workman's written

statement with the plea agreement's factual summary in which Workman admitted that, by the time

he filed the false tax return, he knew that his partners had engaged in a fraudulent real estate

transaction and that he had shared in the proceeds. Denying a reduction for acceptance of

responsibility, the district court stated:

> And the issue for me is whether he has clearly admitted relevant conduct that's spelled out in the plea agreement. And the relevant conduct relates, which I think is important, not only as the guidelines, but as to the overall facts and circumstances in the defendant's involvement with Mr. Norman and Mr. Herceg, who are at the very top of this conspiracy, and, that is, again, his knowledge and notice of the fact that th[is] elderly couple was bilked out of $7 million and the fact that he even participated, Mr. Herceg and Mr. Norman, in the fruits of this crime, at least sharing in these proceeds such luxuries as watches and trips to Las Vegas, and et cetera.

> And candidly, in his writing and written statement here, I don't think that he's accepted or acknowledged the wrongfulness of that conduct.

(Sentencing Tr. 22-23).

Workman argues that the district court clearly erred in denying a reduction for acceptance of responsibility where the plea agreement and the presentence report both recommended the reduction. But, as the plea agreement acknowledged, "it will be up to the Court at the time of sentencing to determine whether a reduction for acceptance of responsibility is appropriate." (Plea Agreement ¶ 17). *See also United States v. Wolfe*, 71 F.3d 611, 616 (6th Cir. 1995) ("The probation officer's recommendation that [the defendant] receive the adjustment is relevant, but not dispositive. The district judge, not the probation officer, is empowered to sentence a criminal."). Workman further contends that spending money that was fraudulently obtained by other individuals does not constitute relevant conduct with respect to filing a false tax return. Workman received and did not contest, however, a two-level increase to his base offense level because his misreported income was derived from criminal activity. *See* USSG § 2T1.1(b)(1). As a specific offense characteristic, the criminal derivation of Workman's income was relevant conduct. *See* USSG § 1B1.3(a)(4). We can discern no clear error in the district court's denial of a reduction for acceptance of responsibility where the district court found that Workman had attempted to minimize his relevant conduct. *See United States v. Lay*, 583 F.3d 436, 448-49 (6th Cir. 2009); *Wolfe*, 71 F.3d at 616.

For the foregoing reasons, we affirm Workman's sentence.