SUTTON, Circuit Judge,
concurring in large part and concurring in the judgment.
I join all but Parts III.B and III.C of Judge Batchelder’s thorough and persuasive opinion. In Part III.B, the majority holds that Ondo and Simcox preserved one of their equal protection arguments— namely, their claim that “the officers’ keeping them in their boxer shorts while transporting them to jail violated the Equal Protection Clause.” Supra at 607. I respectfully disagree. During oral argument, counsel for Ondo and Simcox conceded that all of their equal protection claims would fail if the plaintiffs’ affidavits were stricken. Oral Argument at 10:12-55, Ondo v. City of Cleveland (No. 14-3527). Here is the question: “You have to have the affidavits to support either that [equal protection] claim or excessive force?” Id. at 10:55-59. Here is the answer: Wes.” Id. at 11:00-01. I would hold Ondo and Simcox to their counsel’s answer — that, in the absence of the affidavits, they do not have a cognizable excessive force or equal protection claim. See United States v. Olano, 507 U.S. 725, 732-33, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The majority resists this conclusion because it is not aware -“of any case in which we have concluded, after full briefing, that Plaintiffs have completely abandoned every claim in their entire appeal based on a single verbal exchange during argument that did not include a clear and unequivocal surrender of all remaining issues.” Supra at 606. That is not what happened here. Counsel conceded only that if the affidavits were struck, Ondo and Simcox’s remaining claims would fail. As to that kind of concession — which attorneys often make for tactical reasons — we have frequently respected counsels’ admissions at oral argument. See, e.g., United States v. Gibney, 519 F.3d 301, 304 (6th Cir.2008); United States v. Smith, 304 Fed.Appx. 397, 399 (6th Cir.2008); United States v. Hawkins, 31 Fed.Appx. 304, 304 (6th Cir.2002). Under these circumstances, I see no reason in Part III.C to reach the merits of the equal protection claims.