**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0329n.06

No. 15-3331

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Jun 16, 2016

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| JOHN BLACK, | ) | |
| | ) | **OPINION** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Before: MOORE, SUTTON, and DONALD, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** John Black pleaded guilty to a one-count information charging him with wire fraud in violation of 18 U.S.C. § 1343. In Black's plea agreement, Black and the government stipulated that (1) pursuant to U.S.S.G. §§ 2B1.1 and 3B1.3, Black's Adjusted Offense Level was twenty-five; (2) the government would move for a three-level reduction under U.S.S.G. § 3E1.1 because Black accepted responsibility for his offense; and (3) Black would pay restitution in the amount of $1,217,260.[1] The plea agreement also contained an appeal waiver; however, as relevant here, Black retained the right to appeal his sentence if it exceeded the parties' "agreed upon sentence." The district court adopted the parties' sentencing recommendations, imposed a within-guidelines sentence of forty-six months' imprisonment followed by three years' supervised release, and ordered Black to pay $1,217,260 in restitution.

---

[1]Throughout this opinion, we refer to the 2014 edition of the Sentencing Guidelines Manual, which was in effect at Black's sentencing.

No. 15-3331
*United States v. John Black*

Black appeals, arguing that the district court miscalculated the loss amount attributable to his fraud. The government counters that the appeal waiver in Black's plea agreement bars his appeal. For the reasons set forth below, we **DISMISS** Black's appeal.

## I. FACTS AND PROCEDURE

### A. Black embezzles money from his employer and pleads guilty to one count of wire fraud.

Between 2011 and 2012, Black embezzled money from Alotech Ltd., Black's employer in Brooklyn, Ohio. R. 7 (Plea Agreement, Attachment A, ¶¶ A, H) (Page ID #30–31). Black's scheme was not complicated. Black was Alotech's CFO. *Id.* ¶ A (Page ID #30). He took money from Alotech's business-checking and retirement accounts and used it to pay personal expenses. *Id.* ¶ H (Page ID #30–31). Black gave much of the money he embezzled to women he met over the internet, in the form of lavish gifts and cash. *Id.* ¶¶ M–V (Page ID #32–33). All told, Black embezzled over $1,217,260 from Alotech. *Id.* ¶ Y (Page ID #33).

On November 17, 2014, the government filed an information charging Black with one count of wire fraud. R. 1 (Information at 5–6) (Page ID #5–6). Black pleaded guilty to that information pursuant to a written plea agreement. R. 7 (Plea Agreement) (Page ID #20). Black and the government "agree[d] to recommend that the [district court] impose a sentence within the range and of the kind specified pursuant to the advisory Sentencing Guidelines in accordance with the computations and stipulations set forth" in the plea agreement. *Id.* ¶ 13 (Page ID #23). Four of those computations and stipulations bear mention here:

1.  Black and the government agreed that Black's Adjusted Offense Level was twenty-five. *Id.* ¶ 15 (Page ID #24). Black's Base Offense Level was seven (under U.S.S.G. § 2B1.1(a)(1)), Black received a sixteen-level enhancement because he embezzled over $1,000,000 (§ 2B1.1(b)(1)(I)), and he received a two-level enhancement because he abused a position of trust (§ 3B1.3). *Id.*

2.  The government agreed to recommend a three-level sentence reduction under U.S.S.G. § 3E1.1(a) and (b) because Black accepted responsibility for his offense. *Id.* ¶ 16 (Page ID #24).

3.  The plea agreement expressly provided that "[t]he parties have no agreement about the Criminal History Category applicable in this case." *Id.* ¶ 17 (Page ID #24).

4.  Black agreed to pay Alotech $1,217,260 in restitution, "on such terms and conditions as the [district court] may impose." *Id.* ¶ 22 (Page ID #26).

The plea agreement also contained an appeal waiver. *Id.* ¶ 18 (Page ID #24–25). Black waived his right to appeal or collaterally attack his sentence, save for a few limited scenarios. *Id.* As relevant here, the appeal waiver allowed Black to retain his right to appeal "any sentence to the extent it exceeds [the] agreed upon sentence." *Id.* (Page ID #25).

**B.  The district court imposes a within-guidelines sentence and orders Black to pay $1,217,260 in restitution.**

At Black's plea hearing on December 19, 2014, the district court confirmed that Black understood the consequences of the sentencing recommendations and appeal waiver in his plea agreement. R. 30 (Plea Hr'g Tr. at 7–10) (Page ID #263–66). The district court explained that

Black's Total Offense Level (after the acceptance-of-responsibility adjustment) would be twenty-two; with a Criminal History Category of I, Black faced a guidelines range of forty-one to fifty-one months' imprisonment. *Id.* at 8–9 (Page ID #264–65). The court noted during the hearing: "[W]hen I have a [joint sentencing recommendation] in a plea agreement, I almost always follow it, so there is a very high likelihood that you will in fact get a sentence within the advisory range." *Id.* at 8 (Page ID #264). With regard to restitution, the district court informed Black that it would "order [him] to make full restitution in the amount of $1,217,260 to Alotech." *Id.* at 10 (Page ID #266). As for whether Black could appeal the district court's sentence, the district court stated: "[I]f I do follow both parties' recommendation and sentence you within the advisory range, you cannot appeal your conviction and/or your sentence. Do you understand that?" *Id.* Black responded: "Yes, Your Honor." *Id.*

The district court sentenced Black on March 13, 2015. R. 31 (Sentencing Hr'g Tr.) (Page ID #272). Consistent with Black's plea agreement, the district court assigned Black a Total Offense Level of twenty-two, which—in light of Black's Criminal History Category of I— resulted in a forty-one-to-fifty-one-month advisory guidelines range. *Id.* at 3–4 (Page ID #274–75). The district court sentenced Black squarely in the middle of that range: forty-six months in prison and three years of supervised release. *Id.* at 56 (Page ID #327). The district court also ordered Black to pay Alotech $1,217,260 in restitution. *Id.*

**C.** **Black appeals his sentence, and a motions panel of this court defers consideration of the government's motion to dismiss.**

Black appealed on March 27, 2015. R. 23 (Notice of Appeal) (Page ID #247). Black argued, first, that the appeal waiver in his plea agreement did not bar him from appealing his sentence. Appellant Br. at 11–15. On the merits, Black argued that the district court erroneously attributed $1,217,260 (and not a lesser amount) to Black's fraud. *Id.* at 15–23. Black claimed that that error rendered his sentence procedurally unreasonable. *Id.* The government moved to dismiss, arguing that Black's appeal waiver barred his appeal. Mot. to Dismiss Appeal at 1–2.

A motions panel of this court deferred consideration of the government's motion to dismiss, reasoning that "[t]he validity of the appeal waiver in this case should be determined in conjunction with the merits of the appeal." 1/28/16 6th Cir. Order at 2. The panel noted that, although Black and the government had stipulated to an "advisory offense level," the plea agreement was silent as to Black's Criminal History Category. *Id.* Thus, the panel reasoned, the appeal waiver was arguably ambiguous. *Id.*

## II. ANALYSIS

We review de novo "whether a defendant waived his right to appeal his sentence in a valid plea agreement." *United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004) (quoting *United States v. Smith,* 344 F.3d 479, 483 (6th Cir. 2003)). "Because '[r]estitution is a part of one's sentence under the statutory scheme,'" a defendant who waives his right to appeal his criminal sentence cannot challenge either the period of incarceration *or* the amount of restitution

that his sentence imposes. *United States v. Gibney*, 519 F.3d 301, 306 (6th Cir. 2008) (quoting *United States v. Vandeberg,* 201 F.3d 805, 814 (6th Cir. 2000)).

We conclude that Black waived his right to bring this appeal. Moreover, because Black waived his right to appeal his sentence, he cannot challenge either his prison term or the restitution order.

We reach this conclusion in two steps. First, looking to the language of Black's plea agreement, we conclude that the appeal waiver unambiguously prohibits Black from appealing his within-guidelines sentence. Second, we conclude that Black knowingly and voluntarily waived his right to appeal. The appeal waiver thus bars Black from appealing his sentence.

**A. The appeal waiver unambiguously bars Black from appealing his within-guidelines sentence.**

The appeal waiver in Black's plea agreement is clear. Black waived his right to appeal unless his sentence exceeded (a) 18 U.S.C. § 1343's statutory maximum (twenty years' imprisonment) or (b) the parties' "agreed upon sentence." Black's forty-six-month sentence is far below 18 U.S.C. § 1343's statutory maximum. The district court arrived at that sentence after adopting wholesale the parties' sentencing recommendations—in other words, the district court imposed the parties' "agreed upon sentence." Black thus cannot bring this appeal.

"Plea agreements are contractual in nature, so we use traditional contract law principles in interpreting and enforcing them." *United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011) (quoting *United States v. Harris,* 473 F.3d 222, 225 (6th Cir. 2006)). Those principles require us to take an objective approach in reading the terms of Black's appeal waiver. *See United States v.*

*Moncivais*, 492 F.3d 652, 663 (6th Cir. 2007). Thus, in order to determine whether the appeal waiver in Black's plea agreement bars this appeal, we do not look to "the parties' actual understanding of the terms of the agreement; instead, [the] agreement must be construed as a *reasonable person* would interpret its words." *Id.* (emphasis added).

Plea agreements, however, differ from other contracts in one important respect: "[B]ecause plea agreements' constitutional and supervisory implications raise concerns over and above those present in the traditional contract context, in interpreting such agreements we 'hold the government to a greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in . . . plea agreements.'" *Bowman*, 634 F.3d at 360 (quoting *Harris*, 473 F.3d at 225). Put simply: we interpret ambiguities in plea agreements against the government. *United States v. Freeman*, 640 F.3d 180, 194 (6th Cir. 2011). "[A] plea agreement is 'ambiguous if it is capable of more than one reasonable interpretation.'" *United States v. Debreczeny*, 69 F. App'x 702, 706 (6th Cir. 2003) (quoting *United States v. Gebbie*, 294 F.3d 540, 551 (3d Cir. 2002)).

The appeal waiver in Black's plea agreement is not ambiguous: it is capable of one reasonable interpretation. A reasonable person—reading the appeal waiver in the context of Black's plea agreement "as a whole," *United States v. Randolph*, 230 F.3d 243, 249 (6th Cir. 2000)—would understand that it bars this appeal because the district court sentenced Black pursuant to the parties' sentencing recommendations.

Black highlights what he considers to be a gap in his plea agreement, but his argument is unavailing. The appeal waiver permits Black to appeal "any sentence to the extent it exceeds

7

[the] agreed upon sentence"; however, Black argues that "the plea agreement contains no 'agreed upon sentence'" (i.e., a set number or range of months). Appellant Br. at 11–12. By Black's reading, the lack of a specific agreed-upon sentence in his plea agreement—beyond the offense-level calculations and the restitution amount to which the parties stipulated—means that "the plea agreement effectively contains a term that grants the right to appeal 'any sentence.'" *Id.* at 12.

Black's reading of the appeal waiver fails because it is not reasonable. Black's plea agreement contains an "agreed upon sentence": Black and the government "agree[d] to recommend that the [district court] impose a sentence within the range and of the kind specified pursuant to the advisory Sentencing Guidelines in accordance with the computations and stipulations set forth" in Black's plea agreement. R. 7 (Plea Agreement ¶ 13) (Page ID #23). To that end, Black and the government stipulated to Black's Adjusted Offense Level (twenty-five), Total Offense Level (twenty-two), and a restitution amount ($1,217,260). *Id.* ¶¶ 15–16, 22 (Page ID #23–24, 26). "[T]he intent of the parties as expressed by the plain language in the plea agreement," *United States v. Beals*, 698 F.3d 248, 256 (6th Cir. 2012), is clear: Black and the government agreed to recommend that the district court (1) calculate Black's sentence based on a Total Offense Level of twenty-two and (2) order Black to pay $1,217,260 in restitution.

The district court did just that. The court adopted the parties' sentencing recommendations, calculated Black's guidelines range in accordance with those recommendations, sentenced Black to a term of imprisonment in the middle of that range, and

ordered Black to pay the agreed upon $1,217,260 in restitution. The district court gave Black what he bargained for: the "agreed upon sentence" from Black's plea agreement. Black cannot appeal that sentence.

There is one loose thread in Black's plea agreement: the parties did not stipulate to Black's Criminal History Category. That, however, neither renders the term "agreed upon sentence" ambiguous nor changes the appeal waiver's plain meaning. *See United States v. Martinez*, 430 F. App'x 406, 408–10 (6th Cir. 2011). Black and the government agreed to recommend that the district court assign Black a Total Offense Level of twenty-two and order Black to pay $1,217,260 in restitution. Black's plea agreement added: "Defendant understands that the Criminal History Category will be determined by the [district court] after the completion of a Pre-Sentence Investigation by the U.S. Probation Office." R. 7 (Plea Agreement ¶ 17) (Page ID #24). A reasonable person would understand that the parties' "agreed upon sentence" was a sentence based on the plea agreement's offense-level stipulations—with a Criminal History Category to be decided by the district court—combined with an order to pay $1,217,260 in restitution. Because Black ultimately received such a sentence, he cannot bring this appeal.

In sum, Black's sentence falls squarely within the appeal waiver in Black's plea agreement. Black thus waived his right to bring this appeal.

**B. Black knowingly and voluntarily waived his right to appeal his sentence.**

Black also suggests that he may not have knowingly and voluntarily waived his right to appeal because of the "confusion over the appellate waiver provision." Appellant Br. at 13. This

argument also fails: after reviewing the transcript of Black's plea hearing, we are confident that Black understood fully the effect and scope of his appeal waiver.

Even when the terms of an appeal waiver are clear, "[s]uch waivers are not absolute . . . as they must be made knowingly and voluntarily." *Gibney*, 519 F.3d at 306. "A waiver is neither informed nor voluntary when the defendant does not understand, or is not apprised of, the operation of the waiver." *Id.* To this end, Federal Rule of Criminal Procedure 11(b)(1)(N) provides that before a district court accepts a defendant's guilty plea, it "must inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). Rule 11 thus serves two important purposes: it "insure[s] that first, a complete record exists regarding any waiver provisions, and second, that the waiver was voluntarily and knowingly made by the defendant." *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005) (quoting Fed. R. Crim. P. 11 advisory committee's notes). Here, the district court complied with Rule 11, and we conclude that Black understood the effect of the appeal waiver in his plea agreement.

Because Black did not raise this argument before the district court, we review for plain error his claim that he did not understand the consequences of his appeal waiver. *United States v. Robinson*, 455 F.3d 602, 610 (6th Cir. 2006). To prevail under this standard, Black must show "1) error, 2) that is plain, and 3) that affects substantial rights. If all three conditions are met, [we] may exercise [our] discretion to notice a forfeited error, but only if 4) the error seriously

affects the fairness, integrity, or public reputation of the judicial proceedings." *Murdock*, 398 F.3d at 496 (citing *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

Black's argument fails from the start: there was no error here. At his plea hearing, Black confirmed his understanding that he was waiving his right to appeal his sentence if the district court sentenced him pursuant to the recommendations in Black's plea agreement. The district court told Black that, based on the stipulations in his plea agreement, Black's Total Offense Level was twenty-two. R. 30 (Plea Hr'g Tr. at 8) (Page ID #264). The court asked counsel for Black and the government if they agreed that Black's Criminal History Category was I; they did, and the district court told Black that his advisory sentencing range would be forty-one to fifty-one months in prison. *Id.* at 8–9 (Page ID #264–65). The court stated that "there [was] a very high likelihood that [Black would] in fact get a sentence within the advisory range." *Id.* at 8 (Page ID #264). Then the district court explained the effect of the appeal waiver as follows:

> What you are doing in Paragraph 18 is giving up your right to file an appeal unless I give you a sentence above the statutory maximum, which won't happen, and if I give you a sentence above the Guideline range set out in your plea agreement. So put another way, if I do follow both parties' recommendation and sentence you within the advisory range, you cannot appeal your conviction and/or your sentence.

*Id.* at 9–10 (Page ID #265–66). The district court asked Black if he understood the consequences of the appeal waiver, and Black said that he did. *Id.* at 10 (Page ID #266).

That colloquy convinces us that the district court explained fully "the operation of the waiver," and that Black understood the waiver's effect. *Gibney*, 519 F.3d at 306. Finding no Rule 11 violation, we must enforce the appeal waiver and dismiss Black's appeal.

11

## III.  CONCLUSION

For the reasons set forth above, we **DISMISS** Black's appeal.