NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0125n.06

Case No. 24-3493

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Mar 04, 2025

KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSHUA JOHNSON,

    Defendant - Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

Before: BATCHELDER, LARSEN, and RITZ, Circuit Judges.

**RITZ, Circuit Judge.** Joshua Johnson appeals his sentence for a drug crime. But Johnson waived his right to appeal, so we dismiss.

## I. Background

In 2018, after discovering that Joshua Johnson and his uncle were receiving heroin shipments from Texas, the government began monitoring the two. Over the next three years, Johnson coordinated the delivery of large amounts of heroin from Mexico to Ohio. He also sold cocaine and marijuana. In 2022 the government charged Johnson with conspiring to possess and distribute controlled substances with intent to distribute and multiple counts of using a communications facility to facilitate a drug trafficking offense.

In a written plea agreement, Johnson pled guilty to the conspiracy charge and the government dropped the other charges. The parties agreed on a base offense level of 28 under the U.S. Sentencing Guidelines, plus a two-offense-level increase that is not relevant here. The government also agreed to recommend that Johnson receive a three-offense-level reduction for

acceptance of responsibility.  The net effect of these stipulations was that the parties agreed on a total offense level of 27 under the guidelines.  The parties did not agree on a recommendation for Johnson's criminal-history score.

As part of his plea agreement, Johnson conditionally waived his right to appeal his conviction or sentence.  But he reserved the right to appeal if his sentence exceeded either the statutory maximum or the maximum of the guidelines range determined "in accordance with the sentencing stipulations and computations in [the plea] agreement."  RE 94, Plea Agreement, Page ID 320.  Johnson also maintained the right to bring ineffective-assistance-of-counsel and prosecutorial-misconduct claims on appeal.

The probation office prepared a presentence report (PSR) before sentencing.  The PSR recommended a base offense level of 30 under the guidelines and determined that Johnson was in criminal history category IV.  The PSR also recommended the same two-level increase and three-level reduction that the parties agreed to in the plea agreement.  This resulted in a total recommended offense level of 29 and an advisory sentencing range of 121 to 151 months' imprisonment.

Before he was sentenced, Johnson told the court that the guidelines calculation "can sometimes result in an artificially high criminal history score."  RE 147, Def. Sentencing Mem., Page ID 701.  Specifically, Johnson appeared to argue that the PSR incorrectly added a point to his criminal history score for a prior misdemeanor marijuana charge.  The district court construed Johnson's argument as a motion for departure from the guidelines and denied it, noting that Johnson had specifically agreed in his plea agreement not to request a departure.

The district court then determined that the PSR correctly calculated Johnson's offense level and criminal history score.  Pursuant to the parties' recommendation in the plea agreement, though,

the district court reduced Johnson's base offense level. The district court settled on a total offense level of 26, yielding an advisory guidelines range of 92 to 115 months' imprisonment.[1]

The government argued that Johnson should be sentenced to 115 months. As part of its argument, the government cited statements made to law enforcement by a woman whom Johnson paid to transport heroin between Texas and Ohio. The woman alleged that Johnson kidnapped, assaulted, and sexually assaulted her. This conduct, the government argued, warranted a longer sentence. Johnson asked for a sentence of 92 months.

The court sentenced Johnson to 110 months' imprisonment. Johnson appealed.

## II. Analysis

Johnson argues that the district court erred when it calculated his criminal-history score and relied on the woman's out-of-court allegations. But we do not address those arguments because Johnson waived his right to appeal.

A defendant can waive his right to appeal in a plea agreement if he does so knowingly and voluntarily. *Portis v. United States*, 33 F.4th 331, 334 (6th Cir. 2022). In this case, Johnson waived his right to appeal "except as specifically reserved." RE 94, Plea Agreement, Page ID 319-20. Johnson could appeal only if his sentence exceeded (1) the maximum sentence permitted by statute or (2) the guidelines range calculated "in accordance with the sentencing stipulations and computations" in the plea agreement. RE 96, Plea Agreement, Page ID 320.

Neither reservation permits this appeal. First, Johnson's 110-month sentence for conspiracy was within the statutory range of 5 to 40 years. 21 U.S.C. §§ 841(b)(1)(B), 846.

---

[1] The district court's offense level calculation of 26 appears to be one level lower than what the parties recommended in their plea agreement. But neither party objected at sentencing. Nor do they now.

Second, Johnson's sentence was below the maximum of the guidelines range as calculated in accordance with the plea agreement. The plea agreement stipulated that Johnson's base offense level was 28, plus a two-level increase. The parties then agreed to jointly recommend a three-offense-level reduction because Johnson accepted responsibility. The district court determined that Johnson's post-reduction offense level was 26—one level lower than the parties anticipated. The plea agreement did not stipulate an appropriate criminal history category, so the court adopted the PSR's recommendation and put Johnson in criminal history category IV. The court then calculated a guidelines range of 92 to 115 months' imprisonment and sentenced Johnson to 110 months. Therefore, Johnson's sentence did not exceed the maximum of the guidelines range.[2]

Johnson argues that the waiver was "unconscionable" because it "leaves [him] without any remedy to contest an error in the calculation of his sentence." CA6 R. 25, Reply Br., at 6. Because plea agreements are essentially contracts, we interpret them as such. *See Portis*, 33 F.4th at 337. In general, a contract is unconscionable when a negotiating party lacks a meaningful choice and the resulting agreement is unreasonably favorable to the other party. *See* 7 Corbin on Contracts § 29.4.

That Johnson's plea agreement restricted his ability to appeal his sentence does not render it unconscionable. First, the agreement allowed Johnson to raise certain issues on appeal. And in return for his waiver, Johnson received significant benefits. For example, the government dropped the other charges, agreed to recommend full credit for acceptance of responsibility, and agreed to recommend a base offense level that, according to the PSR, was lower than it would have been

---

[2] Even if the district court's calculation of the offense level did not precisely track what the parties contemplated in their agreement, the discrepancy favored Johnson because it resulted in a lower offense level and guidelines range. And Johnson's resulting sentence was still below the maximum guideline sentence anticipated by the plea agreement.

otherwise. This exchange reflects a reasoned "bargain," entered "freely and knowingly." *United States v. Grundy*, 844 F.3d 613, 617 (6th Cir. 2016) (rejecting a defendant's argument that his appeal waiver was unenforceable on policy grounds because it would allow him to be sentenced "at the whim of the district court"). Indeed, we have enforced waivers containing similar language to Johnson's. *See United States v. Black*, 652 F. App'x 376, 381, 382 (6th Cir. 2016); *United States v. Martinez*, 430 F. App'x 406, 407, 410 (6th Cir. 2011).

Finally, Johnson argues that the government needed to raise its waiver argument in a motion to dismiss under Federal Rule of Appellate Procedure 27(a)(1). But our rules are not so strict. We have often relied on appeal waivers to resolve cases outside the motion-to-dismiss context. *See, e.g.*, *United States v. Milliron*, 984 F.3d 1188, 1192-95 (6th Cir. 2021); *United States v. Griffin*, 854 F.3d 911, 914-15 (6th Cir. 2017); *Black*, 652 F. App'x at 379. As in those cases, the government has properly presented its waiver argument here.

We dismiss.